WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

In re:                                          Case No.: 11-_____

Timothy Lee Thompson, Debtor
Social Security No.: xxx-xx-8445

Dianna Thompson, Joint Debtor
Social Security No.: xxx-xx-6558


Chapter 13 Plan


**The above-named debtor(s) has/have filed a Chapter 13 petition in the U.S. Bankruptcy Court for the Western District of Kentucky.  If you have not received a notice of the filing, you will receive notice within a few days.**

The Debtors propose the following Chapter 13 Plan and make the following declarations:

**I.      PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE**

The Debtors submit the following to the supervision and control of the Trustee.

1.       Future earnings or income of:    **$958.00**
         Payment period:                  **monthly**
         Length of Plan (in months):      **approximately 60***
         *Or until such time as all allowed claims have been paid.

2.       Payor to be:  _Timothy Lee Thompson and Dianna Thompson_

3.       Other property: NONE

4.       Amounts necessary for the payment of allowed post-petition claims under 11 U.S.C. sec. 1305.

**II.     TREATMENT OF CLAIMS**

1.       Debtors shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. section 507, including:

         **Trustee to receive:  $1,780.59**

         **Attorney's fees:  $2,750.00**

2.       Claims set forth below are secured only by interests in real property or personal property that is the Debtors' principal residence.  Arrears shall be cured through the plan and regular payments shall be made.

         **A.      CitiMortgage, Inc.                      Total Claim: $105,831.11**

|  |  |
|---|---|
| Approx. Amount in Default | $27,220.00 |
| Collateral description: | House & 4.58 acres |
| Collateral value: | $77,000.00 |
| Additional collateral with | |
|     market value: | N/A |
| Routine payments to be made | |
|     outside the Plan: | $824.00/monthly _____  _____ |

3.    **The allowed secured claims set forth below shall be paid the full value of the collateral with interest as proposed.**  The balance of the claim shall be treated as unsecured.  Each creditor shall retain its lien.  The debtors are the owners of the property serving as collateral for payment of the secured claims.  Debtors are aware of the condition of the collateral and know its value.  On the Plan filing date, the property has the value set forth below.  The value is based upon disposition of said property in a commercially reasonable manner.  **The value may be increased or decreased based upon the appraisal provided by the Court appointed appraiser.**

    NONE

4.    **The allowed secured claims set forth below shall be paid in full with the interest as proposed.**  Each creditor shall retain its lien.  The debtors are the owners of the property serving as collateral for payment of the secured claims.  Debtors are aware of the condition of the collateral and know its value.  On the Plan filing date, the property has the value set forth below.  The value is based upon disposition of said property in a commercially reasonable manner.  **The value may be increased or decreased based upon the appraisal provided by the Court appointed appraiser.**

    NONE

5.    Claims set forth below are secured or unsecured with the last payment due after the date on which the final payment under the Plan is due.  Defaults shall be cured and regular payments shall be made outside the Plan.

    Secured Creditors:

    NONE

    Unsecured Creditors:

    NONE

6.    The collateral on the following secured claims shall be surrendered to creditor and any deficiency balance shall be treated as unsecured:

    NONE

7.    Allowed unsecured claims not otherwise referred to in the Plan shall be treated as follows:

    Unsecured claims are of one class and shall be paid approximately **100%.**

8.   Post-petition claims allowed under 11 U.S.C. sec. 1305, shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claim and conclude on the last payment under the Plan.

9.   The following claim shall be treated as unsecured following the decision of In Re Lane, 280 F.3d 663 (6th Cir., 2002).

   A.   **Citifinancial**          **$20,767.68**

## III.   OTHER PROVISIONS

1.   The following executory contracts and unexpired leases are assumed:

   A.   **Royal Music Co.**          **$2,500.00**
          (Rent to Own Musical Instrument)

2.   The following claims are excluded, in whole or in part as indicated, and not provided for by the Plan.  Debtors shall continue to make regular payments to creditor outside the plan.

   NONE

3.   On the Chapter 13 Petition filing date, the following creditors have judicial liens upon exempt property of Debtors:

   NONE

   In addition, the following creditors have non-possessory, non-purchase money security interests in Debtors' household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments or jewelry, described in the tabulation below, all of which are held for Debtors' use, or for the use of Debtors' family, or household, or dependents:

   NONE

   Debtor has claimed and is entitled to claim the property subject to said judicial liens and non-possessory, non-purchase money security interests as exempt under 11 U.S.C. sec. 522 (b).  To the extent that liens impair said exemptions allowed under applicable law, said liens shall be avoided.

4.   The value as of the date of the filing of the Plan of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors was liquidated under Chapter 7 of the Bankruptcy Code on such date.  11 U.S.C. sec. 1325 (A)(4).  If a case under Chapter 7 were commenced, the results would be estimated as follows:

| | |
|---|---|
| Fair market value of property of estate: | $174,449.03 |
| Property securing debt: | $77,000.00 |
| Exempt property: | $97,449.03 |
| Available for distribution to unsecured: | $0.00 (0.00%) |
| Priority unsecured claims: | $0.00 |
| Nonpriority unsecured claims: | $4,695.75 |

5.      The Debtors request approval of payments over a period longer than three years, but not longer than five years.  Cause exists for the payment over a period of more than three years, but not longer than five years, as follows:

To provide for **100%** distribution to unsecured creditors.

6.      The Debtors will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtors of the income and property the Debtors propose to use to complete this Plan.  The Debtors are reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan.

7.      This Plan complies with the provisions of Chapter 13 and all other applicable provisions of title 11 of the United States Code.  Any fee, charge, or amount required to be paid under the United States Code or required by the Plan to be paid before confirmation has or will be paid prior to confirmation.  The Plan has been proposed in good faith and not by any means forbidden by law.

8.      In the absence of written objection filed with the court and served upon Debtors' counsel and upon the Chapter 13 trustee and, if applicable, upon the U.S. trustee not less than five (5) court days prior to the date fixed for the hearing on confirmation, the court may confirm this chapter 13 Plan and accept the valuations and allegations asserted therein.

9.      Upon completion of the Debtor(s)' Chapter 13 Plan and full payment of the ALLOWED SECURED amount and interest, the lien shall be voided and holder shall immediately release said lien(s) on the property.  The amount of a lienholder's total claim in excess of the ALLOWED SECURED amount shall be treated and paid as specified above as an unsecured claim.

10.     The Debtor shall own and have the right to pursue any Truth In Lending Act action filed either as a separate action or as an objection to a proof of claim in this case.  The recovery shall not be used to offset the debt.  Any recovered funds shall be paid into the Plan to be paid in accordance with the Order of Confirmation.  The Attorney recovering such funds shall be entitled to recover all costs and the reasonable attorney fees in pursuing the claim as allowed by statute.

11.     Confirmation of this Plan shall modify the contract between the secured creditor and the debtor to conform with this Plan.

12.     If prior to the expiration of the period set forth in paragraph 1 of this Plan all filed claims entitled to payment under this Plan are paid in full, this Plan shall terminate on that date.

13.     Any secured creditor claiming a value of the collateral in excess of the amount shown in the schedules shall be bound by the value of the collateral established in the appraisal filed with the court by the Court appointed appraiser and shall deduct said value of the collateral from the amount owing, should the debtors surrender the collateral.

14.     Should any prepetition creditor be discovered after Confirmation of this Plan, this Plan allows the Debtor to amend the Schedule of Allowed Claims or the Order of Confirmation to allow payment to the Creditor if the claim is allowed.

15.     By failing to object to this Plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any co-debtors that may exist, so long as this case is pending.

**IV.     REVESTMENT OF PROPERTY IN DEBTORS**

Property of the estate shall revest in the debtor at such time as a Discharge is granted or the case is dismissed.  In the event the case is converted to a case under Chapter 7 or 11 of title 11 United States Code, property of the estate shall vest in accordance with applicable law.

(The penalties for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both.  -18 U.S.C.§ 152 and 3571.)

**DECLARATION**

I, Timothy Lee Thompson & Dianna Thompson, named as the debtor(s) in this case, declare under penalty of perjury that I have read the foregoing Chapter 13 Plan, consisting of 5 sheets and that it is true and correct to the best of my information and belief.

Signature: /s/Timothy Lee Thompson     Date: November 23, 2011

Signature: /s/Dianna Thompson     Date: November 23, 2011

/s/ John Rogers     Date: November 23, 2011
John Rogers, Attorney at Law
111 West Wayne Street
Glasgow, KY 42141
270-651-7777

F:\LAW\BANKRUPTCY\Thompson, Tim & Dianna\PLAN.wpd